WARNER *v.* WARNER.

(Division A.   April 27, 1936.)

[167 So. 615.   No. 32226.]

**Z. A. Brantley,** of Louisville, for appellant.

**R. W. Boydstun,** of Louisville, for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellant, W. A. Warner, who was sixty-nine years of age, and appellee, who was sixty-one years of age, were married on the 23d day of October, 1933, and lived together as husband and wife on appellant's farm until

the 31st day of October, 1934, when appellee left the home and returned to the home of her sister where she had resided before her marriage to the appellant. On January 14, 1935, the appellee wrote the appellant requesting him to see her at once to discuss the matter of a settlement between them; and, in response to this letter, appellant went to the appellee's home on January 16, 1935. After some discussion of the matter, an agreement was reached which was then and there reduced to writing and signed by the parties, the writing reciting that, "It is agreed by and between the parties to this contract that the party of the first part, W. A. Warner, does hereby pay to Mrs. W. A. Warner the sum of $100.00 (one hundred dollars) in full settlement of all that may be due her or to become due her for separate maintenance and attorney's fees, if any, the receipt of which is hereby acknowledged."

Thereafter, the appellee filed a bill for divorce on the ground of adultery and cruel and inhuman treatment, and alleged that the foregoing release was executed at a time when she was not advised as to her rights, and when she did not have an opportunity to confer with and seek advice from her friends and relatives, and that she was induced to sign it by the false and fraudulent representations of the appellant as to his financial condition. The bill prayed for a divorce and the allowance of a reasonable sum for support and maintenance. The appellant answered the bill with a specific denial of all the alleged grounds of divorce, and all charges of fraud, concealment, and misrepresentation at the time of the execution of the aforesaid release, and set up the said settlement and release in bar of appellee's right to recover anything for support and maintenance.

Upon the hearing of the cause, the chancellor entered a decree dismissing the bill of complaint in so far as it prayed for a divorce, but finding that the agreed settlement was void, for the reason that appellee was not fully

aware of the financial ability of her husband to pay more, and was not advised by him of the nature and extent of his property holdings. The decree further allowed the appellee the sum of two hundred dollars as a reasonable and proper sum for her support and separate maintenance, and further found that she had agreed to pay her attorney twenty-five per cent of whatever amount she recovered as alimony, or for separate maintenance, and that her attorney was entitled to twenty-five per cent of the amount so allowed. From this decree, the appellant prosecuted a direct appeal, seeking to have the previous settlement and release held to be valid and binding, while the appellee has filed a cross-appeal, assigning as error the inadequacy of the allowance made by the court below.

We have reached the conclusion that the evidence is insufficient to support the finding that there was any such misrepresentation, concealment, or fraud as would invalidate the previous settlement between the parties; and, consequently, the decree of the court below will be reversed and decree will be entered here sustaining this settlement as a bar to any further recovery, and dismissing the bill of complaint.

The evidence shows, and the court below found, that the appellee had contracted to pay her attorney twenty-five per cent of the amount of alimony recovered as full compensation for his services. Nothing herein should be construed as an approval of such a contract; but since this proceeding was instituted under that agreement, we will make no allowance for attorney's fees for service rendered in the court below or in this court.

Reversed, and decree here for appellant.