WALLER, Chief Justice,
Dissenting.
¶ 19. I believe that Green Realty failed to show any fraud or misrepresentation and is thus bound by the deeds and releases that were signed.
¶ 20. John Green’s claimed misrepresentation was that MTC failed to tell him the existing culvert would be replaced with a box culvert. The uncontested facts are that the map presented to Green during negotiations showed the dimensions of land taken and where the road and culvert were located. The index to the map shows the proposed culvert to be a box culvert. The existence of a planned box culvert is not a disputed fact. Detailed construction plans were available not only in Jackson, but also in Batesville, a short drive north of Grenada, where the District Office is located.
¶ 21. Green is a sophisticated businessman who, in his own words, has “been engaged in the heavy construction business as an owner and manager of a heavy construction company most of [his] adult life, during which [he] bid on and supervised the construction of various projects involving highways, box culverts, levees, dams, land improvements, and large drainage projects....” Green is also an attorney.
¶ 22. The trial judge found as undisputed fact that the plans and specifications for the project, which included the new box culvert, were open for inspection by Green Realty prior to the purchase negotiations, that the specifications were not altered after the conveyance, that the construction was performed according to specifications, and that there was no proof of damages.[1] According to the trial judge, “the fact remains that Green with the exercise of due diligence had information available to it that would have made this problem, if it is a problem, forseeable [sic].”
¶ 23. A person must abide by the consequences of his contracts and actions in the absence of some misrepresentation or illegal concealment of facts. Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 754 (Miss.2003) (citations omitted). See also Warner v. Warner, 175 *353 Miss. 476, 479, 167 So. 615 (1936) (evidence insufficient to support finding of any misrepresentation, concealment, or fraud which would invalidate previous settlement between the parties). The release language in the deeds executed by Green Realty is clear and should be enforced. See Miss. Transp. Comm’n v. Ronald Adams Contractor, Inc., 753 So.2d 1077, 1087 (Miss.2000) (citing Griffin v. Tall Timbers Dev., Inc., 681 So.2d 546, 551 (Miss.1996)).
¶ 24. Green’s belief that flooding will occur where there is no proof of flooding or damages is not sufficient to create a genuine issue of fact for trial. See Coleman Powermate, Inc. v. Rheem Mfg. Co., 880 So.2d 329, 332 (Miss.2004) (citing Richmond v. Benchmark Constr. Corp., 692 So.2d 60, 61 (Miss.1997)) (party opposing motion for summary judgment must set forth specific facts showing that there are indeed genuine issues for trial).
¶ 25. Therefore, I would affirm the trial court’s grant of summary judgment.

. The affidavit of Warren Bailey, hydraulic engineer with the Bridge Division of the Mississippi Department of Transportation, confirms that there were no plan changes after February 1, 2003, to the size of the new culvert, to the length of the new bridge, or to the project plans.